990 F.2d 1255
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nathaniel C. ANDERSON, Plaintiff-Appellant,
v.
SAN DIEGO COUNTY DEPARTMENT OF PUBLIC WORKS, Defendant-Appellee.
 No. 91-55995.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 18, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nathaniel Anderson appeals pro se from the district court's judgment, following a bench trial, in favor of the County of San Diego in his employment discrimination action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Anderson contends that the district court (1) erred by finding that the County did not discriminate against him on the basis of his race or religion, and (2) abused its discretion by excluding allegedly relevant testimony at trial. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 A. Title VII
 
 3
 We review for clear error the district court's factual determinations underlying a Title VII claim. Anderson v. City of Bessemer, 470 U.S. 564, 573-74 (1985); Norris v. City and County of San Francisco, 900 F.2d 1326, 1329 (9th Cir.1990).
 
 
 4
 The plaintiff in a Title VII action bears the initial burden of establishing a prima facie case of employment discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Merrick v. Farmers Ins. Group, 892 F.2d 1434, 1436 (9th Cir.1990) (applying Title VII disparate treatment analysis in the context of the Age Discrimination in Employment Act). Once a prima facie case is established, the burden shifts to the defendant to articulate legitimate reasons for its action and to produce evidence "which would allow the trier of fact rationally to conclude that the employment decision had not been motivated by discriminatory animus." Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 257 (1981); Fragante v. City and County of Honolulu, 888 F.2d 591, 594 (9th Cir.1989), cert. denied, 494 U.S. 1081 (1990). The plaintiff must then demonstrate that the employer's alleged reasons were a pretext for another motive which is discriminatory, which he may do "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." Burdine, 450 U.S. at 256.
 
 
 5
 Anderson, an African-American, holds a bachelor's degree in chemistry and had several years' experience as a chemist before he was hired by the County of San Diego as an Assistant Chemist in 1979. In 1980, he applied and was interviewed for the position of Senior Chemist. After interviewing at least fifteen applicants, the County hired Franklin Lewandowski, a white male who holds a master's degree in chemistry, rather than Anderson or any other applicant. Subsequently, beginning in 1981, Anderson's relationships with his colleagues began to deteriorate and he was written up for insubordination and work deficiencies. He had particular difficulty working with Lewandowski, who became his immediate supervisor.[1] In 1984, the County attempted to alleviate Anderson's conflicts with other employees by reassigning him to other duties at the same pay level. Anderson filed employment discrimination claims with the Equal Employment Opportunity Commission (EEOC) in February 1986, and received a finding of no discrimination and right-to-sue letter on October 29, 1986.
 
 
 6
 Finally, after an altercation on January 13, 1987 in which he physically assaulted a female employee, Anderson was dismissed on February 9, 1987.[2] Following an administrative appeal of his termination, Anderson filed suit under Title VII, alleging that the County had discriminated against him because of his race and religion by failing to hire him for the position filled by Lewandowski and by subjecting him to "a continuous process of differential treatment and racial and age discrimination by supervisors and employees."
 
 
 7
 At trial, Anderson admitted that he had never been denied time off or otherwise discouraged from practicing the Bahai religion. No evidence of age discrimination was introduced at all. Although Anderson contends on appeal that the district court erred by accepting defense witnesses' testimony "at face value," the testimony tended to show that Anderson had personality conflicts with several of his colleagues and performed at substandard levels for several years after he was denied the promotion he sought in 1980.
 
 
 8
 The district court found that Anderson had made a prima facie showing of racial discrimination with respect to the County's failure to promote him. The district court further found that the County had shown a legitimate nondiscriminatory reason for hiring Lewandowski, who was the only candidate who possessed a master's degree in chemistry, and that Anderson had failed to rebut this legitimate reason by showing that it was a pretext. With respect to the period following Anderson's unsuccessful application for promotion, the district court found that there was no evidence at all of discrimination based on age or religion, and that Anderson had failed to establish a prima facie case that the County's disciplinary actions against him were due to racial discrimination. On this record, these findings are not clearly erroneous and we will not disturb them. See Anderson, 470 U.S. at 573-74; Fragante, 888 F.2d at 598.
 
 B. Exclusion of Testimony
 
 9
 We review for abuse of discretion the district court's decision to exclude testimony, and will not reverse a judgment unless an erroneous evidentiary ruling caused actual prejudice. Price v. Seydel, 961 F.2d 1470, 1474 (9th Cir.1992).
 
 
 10
 A pretrial order "shall control the subsequent course of the action unless modified by a subsequent order." Fed.R.Civ.P. 16(e); Eagle v. American Tel. and Tel. Co., 769 F.2d 541, 548 (9th Cir.1985), cert. denied, 475 U.S. 1084 (1986). This rule applies to the list of witnesses to be called, United States v. Lummi Indian Tribe, 841 F.2d 317, 320 (9th Cir.1988), and thus "a court may exclude testimony from witnesses not listed in the pretrial witness list," Price, 961 F.2d at 1474. When deciding whether to exclude testimony, the district court should consider the following factors:
 
 
 11
 (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified;
 
 
 12
 (2) the ability of that party to cure the prejudice;
 
 
 13
 (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or other cases in the court; [and]
 
 
 14
 (4) bad faith or willfulness in failing with the court's [pretrial] order.
 
 
 15
 Price, 961 F.2d at 1474 (quoting Spray-Rite Serv. Corp. v. Monsanto Co., 684 F.2d 1226, 1245 (7th Cir.1982), aff'd on other grounds, 465 U.S. 752 (1984)). The offering party's justification for the delay is an important factor, see Lummi Indian Tribe, 841 F.2d at 320-21 (no abuse of discretion where party offered no excuse for late identification of witness), as is the degree of prejudice expected by the opposing party, see Price, 961 F.2d at 1474 (district court abused discretion by not allowing plaintiff to call in his case-in-chief witness who was already listed on defendants' witness list and had prepared for cross-examination by plaintiff's attorney).
 
 
 16
 Here, Anderson sought to introduce testimony from former County employee Lyle Callahan, and made an offer of proof indicating that Callahan would testify that he had discriminated against Anderson on behalf of the County because the County had instructed him to discriminate against women and minorities.[3] The County objected to admission of Callahan's testimony because Anderson had not listed Callahan as a witness in the pretrial order. The district court conducted voir dire of Callahan and determined that his testimony would not substantiate Anderson's offer of proof, and excluded the testimony on that ground and due to Anderson's failure to follow appropriate pretrial procedures.
 
 
 17
 The record contains ample evidence showing that Anderson's employment difficulties resulted from legitimate factors other than his race or religion. Nonetheless, given the nature of Callahan's proposed testimony, we cannot say with certainty that the result would not have been different had the testimony been admitted and believed.[4] Consequently, we must look to whether the district court properly exercised its discretion by excluding the testimony, as its exclusion may have caused prejudice to Anderson. See Price, 961 F.2d at 1474 (exclusion of testimony which could have confirmed or disputed plaintiff's claims was prejudicial).
 
 
 18
 Anderson offered no explanation for his failure to include Callahan on his witness list. The County argued that it would be severely prejudiced by the late addition of Callahan, because it would be unable to depose him or prepare for his testimony. The matter was further complicated by the fact that Callahan was a plaintiff in a state court action against the County, which meant that the County would be restricted in its questioning in the federal trial. On these facts, we hold that the district court did not abuse its discretion by excluding the testimony.[5] See Lummi Indian Tribe, 841 F.2d at 320-21.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In response to a letter of reprimand for insubordination, Anderson wrote a letter to the Director of Public Works in which he offered irrelevant speculations about Lewandowski's private life and complained, without substantiation, that Lewandowski was alcoholic, schizophrenic, and an ex-felon
 
 
 [2]
 The female employee with whom Anderson fought was also terminated
 
 
 [3]
 In an unrelated state lawsuit, Callahan had sued the County alleging that he had been forced to leave his job because he would not comply with the County's instructions to discriminate against women and minorities
 
 
 [4]
 Although the district court concluded from its voir dire of Callahan that his testimony likely would not have conformed to Anderson's offer of proof, the transcript of the voir dire suggests that the district court may have misunderstood Callahan's answer to its pivotal question. Accordingly, we will review the district court's alternative basis, that exclusion was justified because Anderson's failure to list Callahan in the pretrial witness list was prejudicial to the County
 
 
 [5]
 Anderson seeks to supplement the record on appeal by offering a transcript of Callahan's testimony from his (Callahan's) unsuccessful state court lawsuit against the County. We will not consider this information in the first instance on appeal. Having failed to follow appropriate procedures below, Anderson may not ask this court essentially to rule de novo on the merits of his discrimination claim by reviewing evidence which was not before the district court, as this would frustrate the salutary purposes of pretrial conferences and excuse him from having disregarded the district court's orders. Cf. Lummi Indian Tribe, 841 F.2d at 321
 The County's motion to strike the materials submitted by Anderson is denied as moot. As the prevailing party, the County will be entitled to reasonable costs on appeal pursuant to Fed.R.App.P. 39.